HENRY OBERLIES, Appellant, *v.* BALTHASER BULLINGER, Respondent.

*Court of Appeals, May 3, 1892.*

1. *Trial. Nonsuit.*—Where the evidence does not show that the defects in the construction of a building are so material that the court is authorized to hold as a matter of law that the contract had not been substantially performed, a nonsuit is erroneous.

2. *Appeal. First instance.*—An objection, not taken on the trial but which, if taken, could have been obviated, cannot be raised for the first time on appeal.

Appeal from a judgment of the general term of the supreme court, in the fifth judicial department, entered upon an order sustaining a nonsuit and overruling exceptions ordered to be heard at general term in the first instance.

June 2, 1887, the parties to this action entered into a written contract, by which the plaintiff agreed to build for $3,050 a dwelling for the defendant and complete it on or about November 1st of that year. The defendant paid $1,900 on the contract, and this action was brought to recover $1,150, the remainder of the contract price, and $73.75 for extra work claimed to have been done. The action was defended on the ground that the building was not constructed in accordance with the plans and specifications. At the close of the plaintiff's case the defendant moved for a nonsuit, on the ground " that the plaintiff has not shown facts sufficient to constitute a cause of action, and especially he has not shown performance of the contract." The motion was granted, and the plaintiff duly excepted. The plaintiff asked to go to the jury upon the question of substantial performance, which was denied, and exception taken. The plaintiff also asked to be permitted to go to the jury upon his right to recover the value of the extra work claimed

to have been done in changing the front stairway, for which he claimed forty-eight dollars. This request was denied, and an exception taken. These exceptions were ordered to be heard in the first instance at general term, where they were overruled, and a judgment ordered for the defendant, with costs, upon the order of the circuit.

*Abraham Benedict,* for appellant.

*Walter S. Hubbell,* for respondent.

PER CURIAM.—The contract contains this provision:
" *Fourth.* Should any dispute arise respecting the true construction or meaning of the drawings or specifications, the same shall be decided by Oscar Knebel, architect, employed by party of the second part (defendant) to superintend the construction of the said building, with a view to the due execution of the work on the part of the party of the first part (plaintiff), and his decision shall be final and conclusive ; but should any dispute arise as to the true value of the alterations, deviations, additions or omissions in the work or materials hereby contracted for, the value in dispute shall be determined by two competent persons, one employed by the party of the first part and the other by the party of the second part, and they shall have power to name an umpire, whose decision shall be binding on all parties."

The defendant seeks to uphold the nonsuit on the ground that an arbitration to settle the amount due under the contract was a condition precedent to the plaintiff's right to recover, and that having failed to show that an arbitration has been had, or that he has offered to arbitrate, he was not entitled to recover. The answer to this position is that this question was not raised on the trial. The contest at circuit was whether there was a deviation from the plan, and whether the work and materials were of the kind and quality called for by the contract. No other questions are suggested by

the record, and had the defendant raised this objection, the plaintiff might have shown that the defendant had refused to arbitrate, or that an arbitration had been waived. Having regard to the course of the trial we do not think the defendant's motion for a non-suit raised this question.

The plan, which was a part of the contract, required that the ridge of the roof to the portion of the house known as the back or rear addition should be eleven feet above the floor of the attic. By an error in construction it was but ten feet and seven inches above the floor, five inches lower than called for by the plan. The undisputed evidence shows that this was caused by a mistake in measurement and was not discovered by either party, or by the architect, until after the house had been completed. The architect employed by the defendant was called as a witness by the plaintiff, and he testified after that the plaintiff claimed that the contract was performed, he made two personal inspections of the building. He said : " The general work of the house was satisfactory to me ; the character was in keeping with the specifications and the contract in every respect, with the exception of some minor details which I pointed out to the contractor, and had him remedy them. I went there the third time after that was remedied, and gave him that certificate (the one in evidence), which I consider informal.

" Q. Do you know whether Mr. Oberlies remedied all the defects which you pointed out and wanted corrected ? A. He did at the time, with the exception of the roof. I saw they were all remedied ; in regard to the back roof I found it lower than the drawings showed ; about five inches ; that is, of course, as it stands and not five inches on the plans ; five inches in reality ; it shows the rear portion of the roof five inches lower ; it lowers the interior of the attic five inches. * * * I don't know of any use to which an attic five inches higher than this one could be put which is prevented by this deficiency in height.

" Q. What effect, if any, would this deficiency have in

OBERLIES <em>v.</em> BULLINGER.

height, or this roof as it now stands, upon the appearance of the building; in other words, what is the appearance of the building as it stands to-day? A. This roof has not detracted  *  .  *  *  the house looked finished in every respect outside  *  *.  *  it was built symmetrically; I consider it as symmetrical; I think it was as symmetrical then as it would have been if that roof had been five inches higher; I don't think this roof is any weaker in any respect than it would be if it were five inches higher."

All of the witnesses testified that this deviation in the plan did not affect the exterior appearance of the house which was in every respect as useful and valuable as though the deviation had not been made. Upon this question there was no conflict in the evidence, and this was the principal defect in the construction alleged as a total defense to this action. It was alleged that there were some other minor defects in the construction, but the evidence given on the part of the plaintiff did not show that they were so material that the court was authorized to hold as a matter of law that the contract had not been substantially performed. It may well be that when the evidence of the defendant shall be produced that it will appear that this contract was not substantially performed, but as the evidence stood we think the court erred in nonsuiting the plaintiff, and that for this error the judgment must be reversed and a new trial granted, with costs to abide the event.

All concur.

As to the question of nonsuit, see further Glavin <em>v.</em> Savarese, 25 N. Y. St. Rep..1016 ; Forbes <em>v.</em> Chichester, 125 N. Y. 769 ; Fox <em>v.</em> Onondaga Co., Sav. Bk. 53 Hun, 638; Graves <em>v.</em> Santway, 52 Id. 613 ; Hart <em>v.</em> Ryan, 53 Id. 638 ; Wells <em>v.</em> Sibley, 56 Id. 644 ; Bennett <em>v.</em> Knapp, Id. 643 ; Byrnes <em>v.</em> N. Y., L. E. and W. R. R. Co., 113 N. Y. 251 ; Galvin <em>v.</em> Mayor, etc. 112 Id. 223 ; Valentine <em>v.</em> Richardt, 59 Hun, 619 , Darling <em>v.</em> Howe, 60 Id. 578 ; Weil <em>v.</em> D. D., E. B. and B. R. R. Co., 119 N. Y. 147 ; Bulger <em>v.</em> Rosa, 35 Hun, 239.