(9 Misc. Rep. 477.)

## HAMBURGER v. ROTTENBERG.

(Common Pleas of New York City and County, General Term.  August 1, 1894.)

CONTRACT—SUBSTANTIAL COMPLIANCE—INSTRUCTION.

In an action on a contract for an R. & M. furnace, which contained no warranty, to recover the price, it appeared that an R. & B. furnace was put up, and it was claimed by plaintiff that there was practically no difference between the two furnaces.  Defendant claimed that in several other respects the furnace was not according to contract, and that she expended money to make it effective, and she offered evidence to support such claim. *Held,* that it was error to refuse to charge that if there was a substantial compliance with the contract, except that it took a certain amount to alter the work, the jury should find for plaintiff, less such amount.

Appeal from fifth district court.

Action by Barnett Hamburger against Frances Rottenberg. From a judgment entered on a verdict in favor of defendant, plaintiff appeals.  Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Jacob Manheim, for appellant.
Samuel D. Levy, for respondent.

BOOKSTAVER, J.  This action was brought upon a written proposal and acceptance by the defendant's husband as her agent, which is as follows:

"New York, November 10th, 1893.

"Rottenberg B. B. Co.:  I will put in a No. 36 furnace (Richardson & Morgan) in subcellar, to heat basement, with one register, with slate soapstone to be set in register; also, two registers on store floor; these also to have slate soapstone; pipes to be made of 8-inch galvanized iron; also, cold-air boxes for the three registers; all workmanship to be done in first-class order,— for the sum of one hundred and twenty-two dollars and fifty cents ($122.50), the furnace to be put in thorough working condition.  Payments to be made as follows:  $75 on December 15th, and the balance January 15th, 1894."

Upon the trial it appeared that the furnace put up was not a Richardson & Morgan furnace, but was what is known as a Richardson & Boynton furnace.  There was evidence on the part of the plaintiff that the defendant consented to this change; and it was also claimed on the part of the plaintiff that there was no difference, practically, between the two furnaces.  Defendant also claimed, and offered some evidence to substantiate her claim, that in certain other respects the furnace was not according to the contract, and that she had to expend considerable sums in making it effective. There was also much evidence offered in the case tending to show that the pipes should have been of tin, and not galvanized iron, and that the furnace did not sufficiently heat the premises.  But there was no guaranty contained in the contract in respect to the sufficiency of the furnace or its connections, and the contract called for galvanized iron, and not tin, pipes.  When the question was submitted to the jury by the justice who tried the case, he was requested by the defendant to charge that if they believed "there was a substantial compliance with this contract, except that it took part of the $35 testified to (I believe the evidence says it took three days' labor to al-

ter this work, outside of the extra work), that then the jury have a right to find a verdict for the plaintiff, less that amount which was paid to alter this work under the contract," which the court refused to do. This we think was error, for it is now too well settled to need argument that, where there is a substantial compliance with a contract, there may be a recovery, less the amount required to fulfill the contract according to its terms. Logan v. Berkshire Apartment Ass'n (Com. Pl. N. Y.) 22 N. Y. Supp. 776; Hardwicke v. Board of Ed., 23 Wkly. Dig. 62; Parke v. Trading Co., 120 N. Y. 51, 23 N. E. 996; Ball Electric Light Co. v. Sanderson Bros. Steel Co. (Sup.) 14 N. Y. Supp. 429; Rush v. Wagner (City Ct. Brook.) 12 N. Y. Supp. 2; Oberlies v. Bullinger, 132 N. Y. 598, 30 N. E. 999. Respondent contends in his brief that such a charge was substantially given before the request was made, but we have looked in vain through the charge to find anything that was equivalent to the request made. The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant, to abide the event.