PATRICK J. FLANNERY, Respondent, *v.* ASLAN SAHAGIAN, Appellant.

*Building contract — what defects disregarded — what defects not disregarded.*

Inadvertent and unimportant omissions or defects in the execution by the contractor of a building contract, such as may be remedied by slight expenditures, may be disregarded; but a party is not to be denied, by the application of such rule, the right to have his building erected in the manner agreed upon, and if the work omitted by the contractor cannot be done, at the time of the bringing of an action by the contractor to recover the contract price for the erection of the building, except at great cost and with great risk to the building, he will not be permitted to recover.

APPEAL by the defendant, Aslan Sahagian, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 7th day of July, 1894, upon the report of a referee.

*Joseph F. Daly,* for the appellant.

*F. X. Donoghue,* for the respondent.

BROWN, P. J.:

This action was brought to recover a balance due upon a building contract and for extra work. Under the findings of the learned referee there was not a substantial performance of the contract. There was a failure to comply with the specifications in very mate-

rial matters, and the referee found the omitted work could not now be done " except at great cost and with great risk to the building."

It is only inadvertent and unimportant omissions or defects, and such as may be remedied by slight expenditures, that may be disregarded in a building contract. In this case the building has not been and cannot be completed as the plaintiff agreed to build it.

In *Oberlies* v. *Bullinger* (132 N. Y. 598) there was an error in the construction by which the ridge of the roof was five inches lower than called for by the plans. This error did not affect the appearance or utility of the building, and as it appeared in the proof that all other defects were remedied by the contractor, it was held that there was a substantial performance of the contract. But in this case there is not only a failure to make the ceiling of the north store of the height required by the contract, but the cellar ceilings are in some places nearly two feet lower than the specifications require, stone foundations and stone bottoms were omitted under the party walls, and in many other respects the contract was not complied with.

In *Crouch* v. *Gutmann* (134 N. Y. 45) it was thought the rule of substantial performance was extended to its full limit. The majority of the court in that case felt bound by the findings of fact, but it was said in the prevailing opinion that " the cost of completion of work by remedying defects or supplying omissions in it to meet the requirements of a contract may be so great as to preclude the conclusion of substantial performance."

A party is not to be denied, by the application of this rule, the right to have his building erected in the manner agreed upon, and as in this case the referee has found that the work omitted by the contractor " cannot be done now except at great cost and with great risk to the building," the plaintiff should not be permitted to recover, and the judgment should be reversed, and there should be a new trial.

DYKMAN and CULLEN, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.