CASSADY et al. v. HORTON.

(Supreme Court, Appellate Term. July 2, 1900.)

SALES—HEATING APPARATUS—WARRANTY—BREACH—COUNTERCLAIM.

Where a claim was made for a balance of $225 due on a contract to furnish a heating apparatus for $725, guarantied to heat to a certain temperature, and $500 was counterclaimed as damages for breach thereof, a judgment on such counterclaim was sufficiently supported by evidence that the apparatus did not and could not furnish the required heat; that inconvenience and annoyance were caused thereby; that an apparatus to furnish such heat would cost $825, though using all fit portions of that furnished; that requests to supply deficiencies or put in a new apparatus conforming to the contract were made, but not complied·with; and that payments made on the contract were made before cold weather, and before the deficiency was discovered,—though plaintiffs testified to substantial performance of the contract, and that the apparatus was used, and not' returned in rescission thereof, since such payments did not constitute a waiver, and the counterclaimed sum was not more than necessary to complete fulfillment, and nonuser of the apparatus and rescission of the contract were not necessary to recovery.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Charles B. Cassady and others against Samuel J. Horton. From a judgment in favor of defendant, plaintiffs appeal. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

M. F. Bourke, for appellants.
A. Mutch, for respondent.

PER CURIAM. This action was brought to recover the sum of $225, the balance alleged to be due upon a contract between the parties whereby plaintiffs were to place a low-pressure steam-heating apparatus in a certain building at Far Rockaway, owned by the defendant. The contract contained the following guaranty, viz.:

"That the apparatus will, in zero weather, warm the rooms in which radiators or registers are located at the following temperatures: Living rooms, to 70 degrees above zero; halls and chambers, to 70 degrees above zero."

The defense is that this guaranty was far from fulfilled, and a counterclaim for $500 is set up, as damages resulting from plaintiffs' alleged breach of contract. The plaintiffs testify that they have fully performed their part of the contract, while defendant and his witnesses swear that the heating apparatus so placed in the building by the plaintiffs did not, and, indeed, could not, heat the rooms in ac-

cordance with the contract. The evidence offered on behalf of the defendant further shows that it will require a further expenditure of $825 to put in an apparatus that will heat the building to the extent required by the contract between plaintiffs and defendant, even using such of the apparatus already put in as may be fit for use. The counterclaim, however, as we have seen, is fixed at $500, which is the jurisdictional limit of the municipal court. The defendant and his witnesses further show that the plaintiffs were frequently requested to test the apparatus, and to correct the deficiencies or to put in a new apparatus that would satisfy the requirements of the contract, but that they neglected to comply with such request. It further appears that in October, 1897, defendant paid to plaintiffs $300 on account of the $725 provided for in the contract, and early in November, 1897, another $200 on account. The defendant swears that he made these payments before the cold weather had set in, and before the apparatus had been put to the test of its capacity to supply the degree of heat guarantied in the contract. There is, in many particulars, a sharp conflict of testimony. The learned trial justice found that the plaintiffs had failed to perform their contract with the defendant, and dismissed the complaint. He also found that the defendant had been damaged by reason of such nonperformance in the sum of $500, for which sum, together with $12.65 costs and interest, he directed judgment in favor of the defendant against the plaintiffs. From this judgment the plaintiffs appeal to the supreme court.

The claim of the plaintiffs is that the judgment is against the weight of evidence. The rule is that the supreme court will now review upon the facts a judgment of the municipal court rendered upon evidence which, though conflicting, is sufficient to support it. Northridge v. Astarita, 47 App. Div. 486, 62 N. Y. Supp. 441. In the case at bar, if we credit the testimony of the defendant and his witnesses, there would seem to be sufficient evidence to support the conclusion reached by the learned trial justice. The apparatus is shown to be insufficient and not in accordance with the requirements of the contract. Defendant will require a large improvement, in order to bring the heating apparatus to the standard called for by the contract. Such improvement will cost $825, even with the use of so much of the plant already there as can be used; and the defendant has suffered considerable inconvenience and annoyance by reason of the insufficiency of the apparatus placed there by the plaintiffs. It is apparently the contention of the defendant that the work already done by the plaintiffs was of no advantage at all to defendant, but, on the contrary, a detriment, since defendant's witnesses place the cost of fulfilling the contract at $100 in excess of the original price fixed in the contract for the whole job, as their figures are $825, while the contract price was only $725. The plaintiffs, as we have already stated, have been paid $500, and demand the remaining $225. The plaintiffs claim that there has been a substantial compliance with the contract. Assuming this to be true, there could be a recovery for the amount due on the contract, less the amount required to fulfill the contract according to its terms. Hamburger v. Rottenberg, 9 Misc. Rep. 477, 30 N. Y. Supp. 240. The amount called for by the

contract was, as we have seen, $725, upon which remains due the sum of $225, while the amount required to fulfill the contract according to its terms appears to be $825; leaving a balance due to the defendant of $600, or $100 more than the amount of the defendant's counterclaim. The witnesses produced by the defendant were apparently creditable men, or at least were so regarded by the learned trial justice, who had a better opportunity of judging their honesty and capacity than we have, since he had them before him, and could observe their appearance and bearing on the witness stand.

The plaintiffs urge that the defendant retained and used the apparatus for a considerable time, and failed to return the same to the plaintiffs in rescission of the contract. It is unquestionably the rule that effective rescission requires (1) a lawful right to rescind; (2) due notice of an intention to rescind; and (3) the restoration of benefits received by the party attempting to rescind, so that the other party may be placed in statu quo. Even if the most complete right of rescission exists, it cannot be exercised without a return, or an offer to return, of such benefits. Cox v. Stokes, 156 N. Y. 507, 51 N. E. 316. But the counterclaim in this action is not based upon any claim of rescission, but upon a breach of the essential conditions of the contract, in respect to the guaranty as to the degree of heat that the apparatus was to produce. If the plaintiffs, as the learned trial justice has found, failed to perform their contract in this matter, the defendant has the right to recoup, either by way of set-off or counterclaim, the expense of completing the contract, over the contract price, together with any loss or injury by reason of delay or otherwise. Smith v. Cowan, 3 App. Div. 233, 38 N. Y. Supp. 482. The fact that defendant retained the apparatus is not fatal to this counterclaim. Nor does the case of Ellison v. Creed, 34 App. Div. 15, 53 N. Y. Supp. 1054, apply to this case. There the defendant never repudiated the work, and never suggested that it be removed, but continued to use it up to the trial, while here there was, according to the defendant and his witnesses, a very emphatic repudiation, and a demand for the improvement or removal of the apparatus, and the substitution of another that would comply with the requirements of the contract. And even in Ellison v. Creed Mr. Justice Woodward says that the defendant might have set up a counterclaim for any damage which she had sustained, if the apparatus was not such as she had contracted for. This contract was an entire one, and no obligation to pay rested upon the defendant until the completion of it, besides which the apparatus was, apparently, so attached to the building as to become a part of the structure. Under these circumstances, as was stated by Mr. Justice Hatch, with the concurrence of Mr. Justice Cullen, in the Ellison Case, above quoted, if the plaintiffs failed to perform their contract they were not entitled to recover, even though, to some extent, the defendant enjoyed whatever benefit was to be derived from the use of the apparatus. We are of opinion that there was sufficient evidence to justify the learned trial justice in finding that there was no waiver on the part of the defendant, and that his failure to return the apparatus was not fatal to the defense and counterclaim.

The plaintiffs' counsel appears to lay much stress upon the fact, if fact it be, that the last payment on account, to wit, $200, on November 12, 1897, took place after the completion, as plaintiffs understand it, of the job. But, as we have already pointed out, the defendant swears that it was paid in ignorance of the fact that there had been a failure to perform, as the apparatus had not been put to the test of its capacity. This payment, therefore, is of no weight in the consideration of this case. See Dauchy v. Tutt, 19 Wkly. Dig. 490. It is true that the appellate division of the Second department, in a recent case, has held that, even if the municipal court judgment be supported by sufficient evidence, still the supreme court may reverse such a judgment where the court is satisfied from the whole case that the ends of justice have not been attained, although this power should be exercised only in rare and exceptional cases. Northridge v. Astarita, 47 App. Div. 486, 62 N. Y. Supp. 441. But we do not think that the facts disclosed in the case at bar justify the exercise of this discretionary power.

The judgment must be affirmed, with costs.