ELLEN D. CARTER, Respondent, *v.* WILLIAM PITCHER, Appellant.

*Trespass — right of action therefor rests on possession — evidence of ownership and possession — measure of damages — rules of evidence in a Justice's Court.*

In order to maintain an action of trespass the plaintiff must show either actual or constructive possession on her part of the premises in question.

A plaintiff cannot give oral testimony to the effect that she owns certain premises, but, when she is not in actual occupation, she is entitled to prove constructive possession by showing who lives upon the premises.

The measure of damages in the case of a trespass upon real estate is the difference between the value of the premises before the injury and their value after it.

While a judgment rendered in a Justice's Court will not be reversed because of the admission of testimony which, although improper, has not resulted in injury to the appellant, yet the rules of evidence must be followed and damages claimed must be proved by competent testimony.

APPEAL by the defendant, William Pitcher, from a judgment of the County Court of Allegany county in favor of the plaintiff,

entered in the clerk's office of said county on the 31st day of August, 1894, affirming a judgment rendered in a court of a justice of the peace of the town of Granger, Allegany county.

*E. C. Olney*, for the appellant.

*Charles D. Newton*, for the respondent.

WERNER, J.:

The trespass complained of was that the defendant entered upon the premises of the plaintiff in the town of Grove, Allegany county, and wrongfully cut down and carried away ten apple trees which were the property of the plaintiff. The defendant's answer was a general denial. This put in issue, not only the alleged trespass, but the ownership of the premises upon which it took place.

The evidence discloses that on or about the 2d day of January, 1894, the plaintiff and the defendant entered into a contract under which the defendant was to cut down certain apple trees upon the premises in question, and pay the plaintiff seventy-five cents a cord for the wood. The trees with reference to which this contract was made were situate in a pasture to which plaintiff claims title, and about forty rods distant from the trees which it is claimed the defendant wrongfully cut down and carried away.

The appellant relies upon certain exceptions taken at the trial which we will proceed to consider. The plaintiff was asked the question: "Do you own a farm?" This question was properly objected to.

It appeared upon the trial that the plaintiff was not in actual possession of the farm in question, and that she resided in the town of Nunda in Livingston county. It was evidently considered necessary for her to prove title in order to raise the presumption of possession which such proof creates. While it was, therefore, competent for the plaintiff to attempt to prove her title, it was essential that this should be done in the proper way.

Parol evidence was not competent to make this proof (*Miller et al.* v. *Long Island Railroad Company*, 71 N. Y. 385), and it was error for the court to permit the plaintiff to testify orally as to her ownership of the premises in question.

In answer to respondent's proposition that the right to maintain

an action of trespass depends not upon title but upon possession of the premises, and that proof of title is in some cases presumptive proof of possession, we are confronted with another difficulty which stands in the way of an affirmance of this judgment. The case is barren of evidence tending to show who was in actual possession of the premises. It clearly appears that the plaintiff did not reside there. It also appears by inference at least that the premises were not vacant, and, therefore, the plaintiff is not entitled to maintain the action under the rule laid down in *Randall* v. *Sanders* (87 N. Y. 578), that an owner of premises, not actually occupied, has constructive possession which enables him to maintain trespass.

The question was asked the plaintiff: " Who lives on your farm ? " To this question the defendant objected, and the justice, with the same misapprehension as to the rules of evidence in such cases which led him to receive the oral testimony of the plaintiff as to the title of the premises, excluded the evidence offered to show who was in possession.

It was incumbent upon the plaintiff to show that she was in actual or constructive possession, and consequently had the right to maintain this action. ( *Wood* v. *Lafayette*, 68 N. Y. 181.) The latter ruling of the justice made it impossible for her to produce the evidence from which it might appear that she had such possession. This proof was essential in the absence of evidence of a title from which possession could be presumed.

It is also argued that the sale of a portion of these trees by the plaintiff to the defendant is sufficient to raise the presumption of possession of the premises in the plaintiff ; but the difficulty is that all the evidence negatives any such presumption. For aught that appears the plaintiff may have been as much of a trespasser as the defendant. If such were the case, the defendant would certainly not be precluded from urging that, as a reason why the plaintiff should not maintain this action. It was incumbent upon plaintiff to show the facts upon which the right to maintain the action rested, and this she failed to do.

It is further claimed for the defendant that fatal errors were com mitted in the rulings relating to the admission of evidence upon the question of damages. We think that the proper measure of damages was applied. (Sedg. on Dam. [8th ed.] § 933.) That is the

difference between the value of the premises before the injury and their value thereafter. But the trial court seems to have utterly disregarded defendant's objections that none of the witnesses who were called upon the question of damages were shown to be competent or qualified. Not one of the witnesses who were called to testify upon the question of damages was shown to have any knowledge upon the subject; we have simply their naked statements as to their idea of the extent of the damage.

It is of course well settled that a judgment rendered in a Justice's Court will not be reversed for the admission of improper, irrelevant, immaterial or cumulative testimony when there is abundant competent evidence to sustain it, and the court can see that no injury has been occasioned to the party complaining (*Milliner* v. *Lucas*, 3 Hun, 496); but it is also equally well settled that "rules of evidence are rules of law. * * * They are of imperative obligation, and are not to be put aside in the discretion of the court from solicitude for the supposed interests of justice. The only justice known to courts is such justice as is ascertained and certified by legal evidence;" and the rules may not be disregarded but at the risk of a reversal of the judgment that proceeds in disregard of them. (*Mt. Morris Electric Light Company* v. *U. S. Horse & Cattle Show Soc.*, 29 N. Y. Supp. 584.)

However just, therefore, this judgment may in fact be, it is not sustained by competent evidence. On the contrary, when we exclude the incompetent evidence in the case, there is nothing whatever to support the judgment of the court below.

The judgment of the courts below must be reversed, with costs.

LEWIS, BRADLEY and WARD, JJ., concurred.

Judgment of the County Court and that of the justice reversed, with costs.