(19 App. Div. 451.)

PATRICK v. WILLIAMSON.

(Supreme Court, Appellate Division, Third Department. July 6, 1897.)

1. JUSTICES OF THE PEACE—RESIDENCE OF PARTIES.
    A motion to dismiss an action in a justice's court, on the ground that it is not brought in the proper town, must be supported by proof of the facts as to the residence of the parties, and the fact that the defendant was served in a particular town is not proof that he resides there.

2. SAME—SPECIAL APPEARANCE.
    Upon a special appearance, for the purpose of testing the jurisdiction of the court over the person of the defendant, the motion should distinctly and definitely point out the defect upon which it relies, and all other objections are waived by a subsequent general appearance.

Appeal from Tompkins county court.

Action by Mary L. Patrick against Minor T. Williamson. From a judgment of the county court reversing a judgment of a justice,

rendered in favor of plaintiff, and against defendant, plaintiff appeals.   Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Tompkins & Cobb, for appellant.

William Austin, for respondent.

PARKER, P. J.   The constable's return on the summons in this action shows that it was served upon defendant in the town of Ulysses.   It was issued by a justice of the peace of the city of Ithaca. The town of Ithaca lies between the city, and the town of Ulysses. Upon the return day, defendant appeared by attorney specially, and moved that the action be dismissed, on the ground that the justice had no jurisdiction, because it was not brought in the town or city where defendant resided or in an adjoining town, and also on the ground that the action was against an administrator.   As to the last ground upon which such motion was made, it is sufficient to say that the action is against defendant personally, and not as administrator.

As to the first ground of the motion, it is to be noticed that, at the time it was made, there was nothing before the court showing where either the defendant or the plaintiff resided.   The summons was served upon defendant in the town of Ulysses, but, for all that, he may have been a resident of the city of Ithaca.   So, also, for aught that appeared, the plaintiff may have been a resident of the city of Ithaca, and, if that were so, the action might have been well brought in that city, even though defendant resided in Ulysses.   It was incumbent upon the defendant to prove to the court the facts upon which he based his motion.   That he had utterly failed to do at the time the motion was decided.   Moreover, as subsequently appeared in the case, the objection taken was not a good one.   The plaintiff was a nonresident of the county.   Subdivision 2 of section 2869 of the Code then provided that in such case the action might be brought before a justice of the town or city in which the plaintiff or his attorney is at the time of its commencement.   Such provision gave the plaintiff the right to select the town or city in which to bring the action (Bird v. Crane, 26 Hun, 531); and hence she was not obliged to bring this action in the town in which defendant resided, or in an adjoining town.   It is plain, therefore, that the defendant's objections to the jurisdiction of the justice were not well taken, and that his motion was properly denied.

It is now claimed, however, that the justice, being one created by the charter of the city of Ithaca, could not have a jurisdiction extending beyond its limits; that he had no authority to issue his process into the town of Ulysses; and that hence, by a service of the summons upon him in that town, the justice acquired no jurisdiction of the person of defendant.   That is, doubtless, correct (Baird v. Helfer, 12 App. Div. 23, 42 N. Y. Supp. 484); but, when the defendant appeared specially to raise the question of jurisdiction, he took no such objection.   He did not suggest that he had been improperly served with process out of the limits of the justice's

jurisdiction, but his objection was based entirely upon the ground that the action could not be prosecuted out of the town where he lived, and that the justice could not entertain an action against an administrator. Those objections having been overruled, defendant appeared generally in the case, and answered. By so doing, he submitted himself to the jurisdiction of the court so far as the mode of bringing him into court was concerned, and from that time forward the justice had jurisdiction of his person, through his own voluntary appearance and consent. True, he has never waived his objection that the action could not be brought in the city of Ithaca (Dewey v. Greene, 4 Denio, 93; Jones v. Jones, 108 N. Y. 425, 15 N. E. 707); but he has waived the objection that summons could not lawfully be served upon him outside of that city. He has appeared generally without taking that objection. Hence he cannot now invoke that as a ground for reversing the judgment of the justice. Upon a special appearance for the purpose of testing the jurisdiction of the court, the motion should distinctly and definitely point out the defect upon which it relies. 12 Am. & Eng. Enc. Law, p. 440.

I do not find in the record any rulings upon the trial that warrant a reversal of the justice's judgment. No point was there raised that the plaintiff's testimony, or any of it, was in violation of section 829 of the Code. Upon the question whether the evidence established plaintiff's ownership of the property, there was sufficient to present a question for the justice to decide, and I do not think it should be reversed, as being against the weight of evidence. Ludlum v. Couch, 10 App. Div. 603, 42 N. Y. Supp. 370.

These considerations lead to the conclusion that the judgment of the county court should be reversed, and that of the justice affirmed, with costs to the appellant in the county court and of this appeal. All concur.