ings a cut of the bridge was made to appear in the papers, accompanied by statements written by the plaintiff concerning the same. The plaintiff claims that this work was done and performed at the particular instance and request of the vice president and secretary of the defendant; and, as it operated for the direct benefit of the defendant, it must be held, to that extent, to have ratified and accepted the benefits arising therefrom. Under such circumstances, liability would attach for the fair and reasonable value of such service, and the use of the plans, lithographs, and drawings, under the principle enunciated in the cases hereinabove cited. Such right to recover, however, is not to be measured by what the preparation of the plans originally was reasonably worth, no matter how much time and labor were bestowed upon them. The plaintiff was the owner of such plans; he had title to them; and his compensation in this regard would be measured by the value of the use to which they were devoted, and his service in connection with the same. They still remain his property, and the defendant has acquired no right in them. Consequently, the recovery, if the plaintiff be entitled to recover, would be limited as herein stated. We do not, by any means, determine in this discussion what the rights of the parties are in respect of this matter. It is claimed by the defendant that the whole subject of publication was for the exclusive benefit of the plaintiff, in order to advertise him as an engineer. If such be the fact, then the plaintiff would be entitled to recover nothing. But upon this question, under the proof, he becomes entitled to have it considered by a jury; and, if the fact be as he claims, he is entitled to compensation. It follows that the exceptions should be sustained, and a new trial granted.

Exceptions sustained, and a new trial granted; costs to abide the event. All concur.

---

(40 App. Div. 211.)

CUNNINGHAM v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. May 8, 1899.)

1. VERDICT—MOTION TO SET ASIDE—IRREGULARITIES.
   Irregularity of defendant's motion to set aside verdict as against the weight of evidence, in bringing it on immediately after the verdict, instead of giving the requisite notice, is waived by plaintiff's failing to object to the practice and proceeding to argue the motion on the merits.

2. SAME.
   Defendant's application to have verdict set aside as against the weight of evidence being one of right, he cannot be prejudiced by judgment being entered prior to decision on the motion.

3. SAME—COSTS.
   Application to set aside verdict for error of the jury in deciding the question of fact should be granted only on terms.

Appeal from municipal court of city of New York.

Action by Kate Cunningham against the Nassau Electric Railroad Company. From an order granting defendant's motion to set aside the verdict and for a new trial, plaintiff appeals. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Edward Whitney Hall, for appellant.
John M. Ward, for respondent.

PER CURIAM. The action is for personal injuries. The jury having rendered a verdict for the plaintiff, the defendant on the return of the verdict moved, under section 999 of the Code of Civil Procedure, to set aside the verdict as against the weight of the evidence. The motion, having been adjourned from time to time, was argued, and a decision rendered in favor of the defendant, granting the application. Prior to this decision, however, the justice entered judgment on the verdict.

By chapter 748 of the Laws of 1896, the justice was empowered to entertain the motion, and set aside the verdict of the jury. By the terms of that act, the moving party is required, within five days after the rendition of the verdict, to give not less than five nor more than eight days' notice of his motion. The defendant's action was therefore irregular in bringing his motion on immediately upon the return of the verdict. This irregularity was waived by the failure of the plaintiff to take any objection to the defendant's practice, and by proceeding to argue the motion on the merits. Nor could the defendant be prejudiced by the justice entering judgment prior to the decision of the motion, as the defendant's application was one of right. On the merits, we are of the opinion that the decision of the justice was correct, or at least not so plainly erroneous as to justify our interference. As the verdict was set aside for the error of the jury in deciding the question of fact, and not for any error of law, the application should have been granted only upon terms.

Order modified so as to require, as a condition for setting aside the verdict and granting a new trial, that the defendant within five days pay the plaintiff the sum of $10 costs, and, as modified, affirmed, without costs of this appeal to either party.