### KING v. KAIM et al.

(Supreme Court, Appellate Term.    October 4, 1899.)

1. JUSTICES OF THE PEACE—REVIEW OF DECISION—TRIAL.
   A decision of a justice of the municipal court is not subject to review by the supreme court, where the decision is with the weight of testimony, and no injustice appears to have been done.

2. TRIAL—MOTION TO DISMISS.
   The legal effect of an exception to the denial of a motion to dismiss made by one of two defendants is nullified where the defendants elect to put in evidence, and on cross-examination it is brought out, that the one making the motion to dismiss had vested his co-tenant with authority to contract for and bind him with reference to the subject in controversy.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Jacob A. King against Maurice Kaim and another. There was a judgment for plaintiff, and defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Weed, Henry & Meyers (Charles Meyers, of counsel), for appellants.

Max Altmayer, for respondent.

LEVENTRITT, J.    The defendants have appealed from a judgment in favor of the plaintiff in an action to recover brokerage. There is no dispute that the plaintiff was employed by the defendants to procure a tenant for the three lofts of certain premises owned by them, and that pursuant to such employment he introduced to them a proposed tenant.    The only mooted question is one of fact,—whether the negotiations which ensued culminated in an agreement for a lease.    The conflict below turned on the question whether or not the defendants, as one of the terms of the agreement, stipulated to furnish steam power for the lofts at a stated figure.    The justice's solution of the conflict could be the subject of our review only in the event that injustice had been done, but, so far from this having been the case, the slight and evasive testimony of the defendants is completely outweighed by that of the plaintiff and two disinterested witnesses.

At the end of the plaintiff's case, a motion was made to dismiss the complaint as to the defendant Kaim.    The motion should then have prevailed, and its denial would have presented ground for reversal.    Instead of relying on the exception taken, the defendants elected to present their affirmative case, in the course of which it was elicited by the cross-examination of the defendant Landauer that he was vested with authority to contract for and bind his co-

tenant, Kaim, with reference to the employment of the plaintiff. The legal effect of the exception was therefore nullified.   Hopkins. v. Clark, 158 N. Y. 299, 53 N. E. 27.   The judgment was clearly right, and should be affirmed.

Judgment affirmed, with costs to the respondent.   All concur.