(47 App. Div. 486.)

NORTHRIDGE v. ASTARITA.

(Supreme Court, Appellate Division, Second Department. February 2, 1900.)

1. APPEAL—REVIEW—CONFLICTING EVIDENCE.
    The appellate division cannot disturb a finding of the municipal court of the city of New York based upon conflicting evidence.

2. SAME.
    Where it appears from the record that the court of appeals has no authority to review an action of the trial court, a motion for leave to appeal from the supreme court to that court will be denied.

Motion for reargument and for leave to appeal to the court of appeals. Denied.

For former opinion, see 61 N. Y. Supp. 1143.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

E. Gaston Higginbotham, for the motion.
Charles S. Tabor, opposed.

HATCH, J. We are asked to review and reverse our former decision in Ludlum v. Couch, 10 App. Div. 603, 42 N. Y. Supp. 370, and hold that this court has the power to review the determination

of the municipal court of the city of New York upon the facts, or, in the event that we decline so to do, that we permit a review of such question by the court of appeals. The evidence in the present case was, conflicting, and under such circumstances the judge below was authorized to decide as he did. Upon this subject the rule announced by the court of appeals and applied by the supreme court has been uniform and unvarying for so long a period of time as to become firmly settled, and the rule of stare decisis must govern if there were no other reason. It was said by the court of appeals in Burnham v. Butler, 31 N. Y. 480, in discussing the rule to be applied in reversing judgments rendered by justices of the peace:

"I am not aware that there has been any change of the rule, in this respect, since the case in the court of errors of Noyes v. Hewitt, reported in 18 Wend. 141, which affirmed the rule as laid down by Bronson, J., in Stryker v. Bergen, 15 Wend. 491, and overruling the two cases of Whitney v. Sutton, 10 Wend. 413, and Turnpike Road v. Haywood, Id. 422. That rule is: 'That where, on a trial in a justice's court, there is evidence on both sides, and even where there is only slight evidence in support of the cause of action, on which there is a recovery, the county court is not authorized to reverse the judgment, although such court may arrive at a conclusion upon the facts of the case or the weight of evidence different from that drawn by the justice.' This court, then, are bound to look into the evidence so far as to see if there is any or sufficient evidence to sustain the judgment of the justice."

In commenting upon this question, the appellate division in the Third department said that this rule was well established, and had never been overruled. Staples v. Hager (Sup.) 42 N. Y. Supp. 458. In Wright v. Maseros, 56 Barb. 521, it was again said that the rule requires the court "to give the judgment of the justice every reasonable construction to sustain it, if, from the evidence, it was possible for him to have given such a judgment as he did give." Thalheimer v. Lempert (Sup.) 1 N. Y. Supp. 470; Patrick v. Williamson, 19 App. Div. 451, 46 N. Y. Supp. 504. In Robinson v. Rowland, 26 Hun, 501, the court reached the same conclusion, holding that the question then before it was not one of conflicting proof, but was of an inference drawn from the proof, which the court held was not warranted. The effect of this decision was to say that there was no proof in support of the judgment. In this respect the rule was the same as was applied in Carter v. Pitcher, 87 Hun, 580, 34 N. Y. Supp. 549, and in Houghtaling v. Lloyd, 21 Civ. Proc. R. 56, 15 N. Y. Supp. 424. It is evident that the court in Halsey v. Hart, 85. Hun, 46, 32 N. Y. Supp. 665, did not intend to change this rule, although its expression is, "the verdict is regarded as controlling unless it is manifestly and clearly against the weight of evidence"; and this is clear from the disposition made of the case. This court is fully committed to this doctrine, as appears not only in Ludlum v. Couch, supra, but in other cases. City of Brooklyn v. Brooklyn City & N. R. Co., 11 App. Div. 168, 42 N. Y. Supp. 371; Norton v. Arvernam Co., 14 App. Div. 581, 43 N. Y. Supp. 1099; Hommel v. Meserole, 18 App. Div. 106, 45 N. Y. Supp. 407; Manheim v. Seitz, 21 App. Div. 16, 47 N. Y. Supp. 282. Mr. Wait, in his Law and Practice (6th Ed.; pp. 1008, 1021), reviews nearly all, if not all, of the decided cases up to the time when he wrote. He announces four

propositions in which the appellate court is authorized to review questions of fact upon appeal from a justice's court: (1) Where the plaintiff fails to prove a cause of action, considering all of the evidence given in the case; (2) "where the verdict is against the undisputed or overwhelming weight of evidence; (3) where it is evi-dent that the verdict is the result of prejudice, partiality, passion, or fraud; (4) where the court or jury have evidently disregarded un-impeached and controlling evidence." The cases which he cites in support of his text are undoubted authority for his first, third, and fourth propositions, and an examination of the authorities shows that they proceeded upon an analysis of the testimony to a conclu-sion that the judgment which was reversed was unsupported by the testimony which was given, or that the court disregarded unim-peached and controlling evidence, which, in effect, was no more than saying that the judgment was unsupported. The reason for this rule is stated by Judge Woodruff in Goldsmith v. Obermeier, 3 E. D. Smith, 121, that the finding must be regarded as having been founded upon some erroneous view of the law which the court had authority to correct. All the cases cited by Mr. Wait are in harmony with the later cases of this court, and many others, upon these proposi-tions. So far as his second proposition is concerned, it may or may not be upheld, dependent upon the testimony given in the case. We know of no case in the supreme court or in the court of appeals which decides that an appellate court has authority to pass upon the question of the weight of testimony, and apply the rule thereto applicable to a review of judgments in the supreme court; and none of the cases cited in the text, and none others in the supreme court, to which our attention has been called, or which have fallen under our observation, announce such rule. On the contrary, all condemn it. The only authority resting in an appellate tribunal to review as against the weight of testimony falls within that class of cases to which reference has been made, where, upon the whole proof, a given proposition is practically undisputed, or there has been a dis-regard of unimpeached and controlling testimony. The rule of the authorities which we have cited is to the effect that, where there is substantive testimony upon which the court could possibly found a verdict, the appellate tribunal is powerless to interfere. There are some expressions to be found in New York Small Stock Co. v. Third Ave. R. Co., 13 Misc. Rep. 276, 34 N. Y. Supp. 61; McLaughlin v. Harriot, 14 Misc. Rep. 343, 35 N. Y. Supp. 684; Watson v. Dealy, 26 Misc. Rep. 20, 55 N. Y. Supp. 563, and others, which do not seem to be in entire harmony with the rule announced by the supreme court. These expressions, however, may be limited to refer to such a case as we have heretofore suggested, and, so limited, the principle may have been correctly applied to those cases.

There is, however, authority in an appellate tribunal to reverse the judgment of a justice of the peace where the court is satisfied from the whole case that the ends of justice have not been attained in the judgment which is the subject of the review. Curley v. Tom-linson, 5 Daly, 283; King v. Kaim (Sup.) 60 N. Y. Supp. 264. This power is possessed by the supreme court to reverse judgments of

the supreme court, even though no other legal error appears. Barrett v. Railroad Co., 45 N. Y. 628; Chamberlain v. Lindsay, 1 Hun, 231. This is an inherent power of the supreme court, which is properly applicable to all judgments that it is authorized to review. But it is evident that the cases must be rare and exceptional where this power ought to be exercised, and usually such cases will be found embraced in the third proposition announced by Mr. Wait. The same rules applicable to a court of a justice of the peace are made applicable by statute to the municipal courts of the city of New York. In the case in which this motion is made we have examined the testimony, and reached the conclusion that the case presented a conflict of evidence, and that the judgment of the municipal court has the support of evidence, and must therefore stand. In view of this condition, the record, even if sent to the court of appeals for review, would not enable that tribunal to decide the question of jurisdiction which the defendant seeks to raise. To grant his application, therefore, could do him no possible good.

Owing to the enlarged jurisdiction of the municipal courts of the city of New York, it would doubtless promote the ends of justice to confer upon appellate tribunals authority to review the judgments of these courts to the same extent and subject to the same rules as are now applicable to the review of judgments rendered by the supreme court. Such relief, however, is not found in the courts, but resides in the legislature.

The motion for reargument, or for leave to appeal to the court of appeals, should be denied. All concur, except HIRSCHBERG, J., taking no part.