(49 App. Div. 47.)

HAULENBEEK v. HUNT.

(Supreme Court, Appellate Division, Second Department. March 27, 1900.)

1. SHIPPING—DEFECTIVE VESSEL—DELAY—DAMAGES.
    Where an owner let his yacht to another, agreeing to deliver her in good condition, etc., to navigate certain waters, and the yacht's shaft broke, without apparent cause, while she was proceeding slowly in a smooth sea, the owner was liable for damages resulting therefrom, in the absence of proof that the breaking of the shaft was caused by perils of the sea or unavoidable accident.

2. APPEAL—FINDING—REVIEW.
    A finding of fact on conflicting evidence cannot be reviewed on appeal.

Appeal from municipal court of Brooklyn.

Action by Carrie Haulenbeek against David Hunt for delay occasioned by the breaking of a shaft of a chartered vessel. From a judgment of the municipal court in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

George M. Mackellar (Clarence Lexow, on the brief), for appellant.
Edward C. Perkins (Thomas M. Debevoise, on the brief), for respondent.

GOODRICH, P. J. The defendant, being the owner of the steam yacht Charavi, by written contract with the plaintiff, "agreed to let" her to him for "fourteen days for seven hundred dollars, or fifty

dollars per day" (which was paid in advance), the defendant to deliver the boat in good order, with crew on board, and to pay the wages of the crew, giving the plaintiff the privilege of navigating the waters of Long Island Sound from New York Harbor to Newport, R. I. The plaintiff agreed to surrender the yacht at the end of the term in good order and condition, ordinary wear and tear excepted. The yacht was delivered to the plaintiff on August 23, 1899. On the 24th, while proceeding slowly through the Sound, in a smooth sea, the shaft of the yacht broke without apparent cause. The yacht was towed to Bridgeport, where the plaintiff left her, and went to Newport, having instructed the steward to report to him at that place. The yacht was repaired by the defendant, the repairs not being completed till the 27th. On the 28th she left Bridgeport, and arrived at Newport on the 29th. The plaintiff used her during August 30th and 31st and September 1st. On the 2d of September the engineer left the boat, the result being that she could not be used. The cruise was continued on September 3d, 4th, and 5th, on which latter day the defendant demanded and resumed possession of the yacht. This action was brought to recover the damages, and a schedule was annexed to the complaint, the items of which included $50 per day for loss of use of the yacht from August 24th to 28th and on September 2d. The total claim was for $334.20. The defendant counterclaimed for the expenses of the repairs and certain damages to the yacht, $210.30. The court rendered judgment in favor of the plaintiff for $300 and costs, and the defendant appeals.

In every contract for the charter of a vessel there is a warranty implied, where the contrary does not appear, that she is seaworthy, and suitable for the service in which she is to be employed. This relates to defects known and unknown, and the owner is obliged to keep her in repair, unless prevented by perils of the sea or unavoidable accident; and if a defect, without any apparent cause, be developed, it is to be presumed that it existed when the service began. . Work v. Leathers, 97 U. S. 379, 24 L. Ed. 1012; The Caledonia, 157 U. S. 124, 15 Sup. Ct. 537, 39 L. Ed. 644. Unavoidable accident is usually termed "inevitable accident," and the defense can never be sustained where the disaster was caused by negligence (The Clarita and The Clara, 90 U. S. 1, 23 L. Ed. 146); and negligence may be predicated of a failure to furnish a seaworthy vessel. Where the law imposes upon a person the duty to furnish a machine sufficiently strong to answer the purpose intended, if an injury occur through a defect in it the owner is liable to one injured, on the ground that the failure to furnish a proper machine is negligence. Cook v. President, etc., 1 Hilt. 436. The plaintiff having proved the breaking of the shaft, a presumption of unseaworthiness arose, and the defendant was called upon to prove that the shaft broke through perils of the sea, or unavoidable accident. No claim is made on either side that the break was caused by perils of the sea. There was, moreover, some positive evidence that the shaft was in fact defective. The plaintiff testified that shortly after the accident the captain brought up a small fragment of the shaft, and that "it was rusty, quite red or tan color, as if it had been an old break. * * * It looked to me like a mass of

clink on one side." There was evidence on the part of the defendant that the break was clear and fresh. On this conflicting evidence a question of fact arose as to the seaworthy condition of the shaft, and the finding of the court on this question we have no power to review. Northridge v. Astarita (Sup.) 62 N. Y. Supp. 441.

As to the amount of the judgment, there was a stipulation between the parties that the rental value of the yacht was $50 per day. On the evidence the court might have found that the plaintiff lost the use of the vessel for six days. It is therefore unnecessary to consider the other items in the schedule annexed to the complaint. None of the appellant's exceptions seems to require further examination.

The judgment should be affirmed, with costs. All concur.