C. ALBERT JACOB, Doing Business as JACOB BROTHERS, Appellant, *v.* GEORGE HAEFELIEN, Respondent.

*Failure to move for the direction of a verdict — objection on appeal that a verdict is against the evidence — judgment reversed only on payment of costs.*

The failure of a plaintiff to move for the direction of a verdict in his favor does not prevent him from raising, upon an appeal from a judgment entered upon a verdict for the defendant, the objection that the verdict was against the evidence.

Where the power, conferred on the Appellate Division by section 3063 of the Code of Civil Procedure, as amended by chapter 553 of the Laws of 1900, to reverse a judgment of the Municipal Court of the city of New York, upon the ground that the verdict on which it was entered was contrary to or against the weight of evidence, is exercised by that court, in reversing a judgment, it will be conditional upon the payment of ten dollars costs by the appellant to the respondent.

APPEAL by the plaintiff, C. Albert Jacob, doing business as Jacob Brothers, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, second district, rendered on the 14th day of March, 1900.

*Morris Putnam Stevens*, for the appellant.

*Max Hallheimer*, for the respondent.

WILLARD BARTLETT, J.:

In the case of *Northridge* v. *Astarita* (47 App. Div. 486) the authority of this court to review the judgments of the Municipal Court of the city of New York was fully considered, and it was held in substance that we had no power to reverse such a judgment as against the weight of evidence. The suggestion of Mr. Justice HATCH, in his opinion, that it would promote the ends of justice to confer upon appellate tribunals authority to review the judgments of the Municipal Court to the same extent and subject to the same rules as were applicable to the review of judgments rendered by the Supreme Court, has been acted upon by the Legislature, and by an amendment to section 3063 of the Code of Civil Procedure the appellate court which is empowered to review the judgment of a justice of the peace or of the Municipal Court may now reverse a

judgment because it "is contrary to or against the weight of the evidence." (Laws of 1900, chap. 553.)

This is an action to recover a chattel. The property in controversy is a piano. A written contract between the parties in reference to the instrument declares that the defendant has hired it from the plaintiff for a period of twenty-nine months, and contains an agreement to pay the sum of $290, as rent, in monthly payments of $10 each. The defendant further agrees not to underlet the instrument without the written consent of the plaintiff, and to keep the same insured for his benefit, and provides that in case of any default on the part of the defendant in keeping the provisions of the agreement, the defendant will return the said piano at the option of the plaintiff in like good condition as when received, the usual wear excepted. The contract also contains a clause in these words: "All money paid as rent will be deducted if above Piano be purchased, at above-mentioned value within 30 months from above date, providing the terms and provisions of the above agreement have been kept."

It appeared upon the trial that the defendant had paid either $160 or $170 on account of the installments under this agreement, and had made default in the payment of subsequent installments when they became due. The contention of the defendant appears to have been then the same as it is now, that the transaction was an absolute sale in which the plaintiff allowed him a specified period of time in which to pay for the piano, which term of credit had not expired. The plaintiff now insists that the contract was one of conditional sale, and that the defendant broke the condition and thereby entitled the plaintiff to retake the piano into his possession. At the trial, however, the plaintiff must have contended that the contract was one of hiring pure and simple ; for the issue which the learned Municipal Court judge submitted to the jury, without objection from either party, was whether the defendant had hired the piano and failed to pay the rent, or had bought the instrument and received credit for the purchase price. Upon this issue, the jury found a verdict in favor of the defendant for the possession of the piano, of which he had been deprived in replevin proceedings, or for its value, which was fixed at $250.

The proof of the parties was not confined to the written contract,

but in the absence of objection much evidence was given to show what was said between them in reference to the piano, before the agreement was signed. It is plain, however, whether we consider the writing alone or the writing in the light of the several interviews, that the transaction was really a conditional sale of the piano, although the contract declared that the instrument was hired. The proof of this is so clear and the evidence of the defendant's default in the payment of the installments so strong, that it is impossible to avoid the conclusion that the verdict awarding the right of possession to the defendant was against the evidence; and for this reason I think we should grant a new trial under the amendment of section 3063 of the Code, to which I have referred.

The respondent argues that the plaintiff is precluded from raising any question on this appeal in respect to the evidence because he did not move that a verdict be directed in his favor. None of the authorities which he cites on this point sustain this position. They are decisions holding that a *defendant's* failure to move for a dismissal or for the direction of a verdict is a concession that there is sufficient evidence in behalf of the plaintiff to carry the case to the jury. This is a very different proposition from holding that a plaintiff who omits to ask that a verdict be directed in his favor thereby concedes that the evidence will support a verdict against him, and that he may not attack such a verdict on the ground that it is opposed to the weight of evidence. As the judgment must be reversed on account of the error of the jury in deciding a question of fact, the reversal should be upon terms in accordance with the usual practice under such circumstances. (See *Cunningham* v. *Nassau Electric R. R. Co.*, 40 App. Div. 211.)

All concurred.

Judgment of the Municipal Court reversed and new trial ordered on payment of ten dollars costs by plaintiff to defendant.