## JACOB v. HAEFELIEN.

(Supreme Court, Appellate Division, Second Department. November 23, 1900.)

1. CONDITIONAL SALE—DEFAULT—RIGHT OF POSSESSION—EVIDENCE.

By a contract in writing, defendant hired a piano of plaintiff, and agreed to pay $290 rent, in monthly installments of $10 each, and to keep it insured in favor of plaintiff, and not to underlet it without his consent, and that in case of default he would return it, at the option of plaintiff, in as good condition as received, ordinary wear excepted, with the privilege of purchasing it within 30 months if the terms of the agreement were kept. Defendant, after having paid $160, made default. *Held*, that a verdict awarding defendant possession of the instrument was against the weight of the evidence, since the contract was not a hiring, though so designated, but a conditional sale.

2. MOTION FOR VERDICT—NECESSITY—WAIVER OF OBJECTION.

The fact that plaintiff did not move that a verdict be directed in his favor did not constitute a waiver of his right to insist on appeal that the verdict was against the weight of the evidence.

Appeal from municipal court, borough of Brooklyn, Second district.

Action by C. Albert Jacob, doing business as Jacob Bros., against George Haefelien. From a judgment of the municipal court in favor of defendant, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Morris Putnam Stevens, for appellant.

Max Hallheimer, for respondent.

WILLARD BARTLETT, J. In the case of Northridge v. Astarita, 47 App. Div. 486, 62 N. Y. Supp. 441, the authority of this court to review the judgments of the municipal court of the city of New York was fully considered, and it was held, in substance, that we had no power to reverse such a judgment as against the weight of evidence. The suggestion of Mr. Justice Hatch, in his opinion, that it would promote the ends of justice to confer upon appellate tribunals authority to review the judgments of the municipal court to the same extent and subject to the same rules as were applicable to the review of judgments rendered by the supreme court, has

been acted upon by the legislature; and by an amendment to section 3063 of the Code of Civil Procedure the appellate court, which is empowered to review the judgment of a justice of the peace or of the municipal court, may now reverse a judgment "because it is contrary to or against the weight of the evidence." Laws 1900, c. 553.

This is an action to recover a chattel. The property in controversy is a piano. A written contract between the parties in reference to the instrument declares that the defendant has hired it from the plaintiff for a period of 29 months, and contains an agreement to pay the sum of $290 as rent, in monthly payments of $10 each. The defendant further agrees not to underlet the instrument without the written consent of the plaintiff, and to keep the same insured for his benefit, and provides that, in case of any default on the part of the defendant in keeping the provisions of the agreement, the defendant will return the said piano, at the option of the plaintiff, in like good condition as when received, the usual wear excepted. The contract also contains a clause in these words:

"All money paid as rent will be deducted if above piano be purchased at above-mentioned value within thirty months from the above date, providing the terms and provisions of the above agreement have been kept."

It appeared upon the trial that the defendant had paid either $160 or $170 on account of the installments under this agreement, and had made default in the payment of subsequent installments when they became due. The contention of the defendant appears to have been then the same as it is now: That the transaction was an absolute sale, in which the plaintiff allowed him a specified period of time in which to pay for the piano, which term of credit had not expired. The plaintiff now insists that the contract was one of conditional sale, and that the defendant broke the condition, and thereby entitled the plaintiff to retake the piano into his possession. At the trial, however, the plaintiff must have contended that the contract was one of hiring, pure and simple; for the issue which the learned municipal court judge submitted to the jury without objection from either party was whether the defendant had hired the piano and failed to pay the rent, or had bought the instrument and received credit for the purchase price. Upon this issue the jury found a verdict in favor of the defendant for the possession of the piano, of which he had been deprived in replevin proceedings, or for its value, which was fixed at $250. The proof of the parties was not confined to the written contract, but, in the absence of objection, much evidence was given to show what was said between them in reference to the piano before the agreement was signed. It is plain, however, whether we consider the writing alone, or the writing in the light of the several interviews, that the transaction was really a conditional sale of the piano, although the contract declared that the instrument was hired. The proof of this is so clear, and the evidence of the defendant's default in the payment of the installments so strong, that it is impossible to avoid the conclusion that the verdict awarding the right of possession to the defendant was against the evidence; and for this reason I think we should

grant a new trial, under the amendment of section 3063 of the Code, to which I have referred.

The respondent argues that the plaintiff is precluded from raising any question on this appeal in respect to the evidence because he did not move that a verdict be directed in his favor. None of the authorities which he cites on this point sustains this position. They are decisions holding that a defendant's failure to move for a dismissal or for the direction of a verdict is a concession that there is sufficient evidence in behalf of the plaintiff to carry the case to the jury. This is a very different proposition from holding that a plaintiff who omits to ask that a verdict be directed in his favor thereby concedes that the evidence will support a verdict against him, and that he may not attack such a verdict on the ground that it is op-. posed to the weight of evidence. As the judgment must be reversed on account of the error of the jury in deciding a question of fact, the reversal should be upon terms in accordance with the usual practice under such circumstances. See Cunningham v. Railroad Co., 40 App. Div. 211, 58 N. Y. Supp. 22.

Judgment reversed and new trial ordered on payment of $10 costs by the plaintiff to the defendant. All concur.