WATTERS v. JOHN SIMMONS CO.

(Supreme Court, Appellate Division, Second Department. March 15, 1901.)

NEGLIGENCE—COLLISION ON CITY STREET—EVIDENCE.

Plaintiff stopped his horse and wagon near the curb of a city street, put a feed bag on his horse, and left him, unhitched and unattended. Defendant's teamster drove by with a truck heavily loaded with iron pipes. There was ample room to pass. After defendant's horse and the front wheels of the truck had passed plaintiff's horse, the latter shied, and a shaft caught in the hind wheel of the truck, and plaintiff's horse was thrown and injured. *Held*, that no negligence on the part of defendant's teamster was shown.

Goodrich, P. J., and Hirschberg, J., dissenting.

Appeal from municipal court, borough of Richmond, First district.

Action by Peter Watters against John Simmons Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

J. Culbert Palmer (John K. Berry, on the brief), for appellant.
James Burke, Jr., for respondent.

JENKS, J. I think that the judgment must be reversed. The appeal is from a judgment of a municipal court entered upon a verdict of a jury. The action is brought to recover damages for the negligence of the defendant's teamster in colliding with the horse and wagon of the plaintiff. Plaintiff stopped his horse and wagon near the curb of Washington street, in the borough of Manhattan, alighted,

put a feed bag upon his horse, and then left him untied and unattended. Thereafter the collision occurred. The plaintiff called no witness of the inception of the accident. His first knowledge thereof was the sight of his horse falling, whereupon he ran over to him, and found him lying on his back, and one of the shafts of his wagon fast in the hind wheel of defendant's truck. His other witness did not see the collision. He only saw the horse fall, that the horse was thrown down, and the fixture of the shafts. The defendant's driver testified that he was carrying a load of six tons; that he was driving slowly; that there was room ample to pass the plaintiff's horse and vehicle; and that he had passed it with his own horse, his front wheels, and the bed of his truck before the accident occurred. Bloomer, a defendant's witness who saw the accident, testified that defendant's truck had room ample to pass, and had partly passed, when the plaintiff's horse, which had the feed bag over his eyes, heard the noise of the load carried on the defendant's truck, which was iron pipe, jumped over to the hind wheel of defendant's truck, and shied. He further testified that the defendant's truck had passed other wagons thus located in safety. Reiss, also a disinterested witness, who saw the accident, corroborates Bloomer in every essential point. I fail to see that any testimony of the plaintiff raised any question for the jury, unless it were negligent in the defendant's servant to attempt to drive the truck past the plaintiff's horse and wagon when there was ample room to pass. In any event, the evidence of the defendant was so overwhelming as to warrant a reversal of the judgment, even within the authority of Northridge v. Astarita, 47 App. Div. 486, 62 N. Y. Supp. 441.

Judgment reversed, and new trial ordered, with costs to abide the event. All concur, except GOODRICH, P. J., and HIRSCHBERG, J., who dissent.