JACOB v. HAEFELEIN.

(Supreme Court, Appellate Division, Second Department. April 19, 1901.)

REPLEVIN—CONDITIONAL SALES—EVIDENCE.
    In replevin for a piano, where defendant had pleaded a general denial to the complaint, and had introduced evidence showing that defendant's wife had possession of the piano three weeks before the conditional sale was executed, it was error to exclude plaintiff's evidence as to how defendant's wife had possession before the defendant, since plaintiff was entitled to rebut defendant's attempt to show title out of the plaintiff without connecting itself with it.

Appeal from municipal court, borough of Brooklyn, Second district.
    Replevin by C. Albert Jacob, doing business as Jacob Bros., against George Haefelein. From a judgment of the municipal court of the

city of New York, borough of Brooklyn, in favor of defendant, plaintiff appeals.   Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Morris Putnam Stevens, for appellant.
John J. Cunneen, for respondent.


SEWELL, J.   This action was commenced on January 25, 1900, to recover possession of a piano.   It appears that on April 16, 1897, the parties entered into a written contract wherein the defendant purported to hire the piano from the plaintiff for 29 months, and agreed to pay the sum of $290 rent, in monthly payments of $10 each; and, in case of any default, the defendant agreed to return the piano, at the option of the plaintiff, in as good condition as when received.   The contract also provides that "all money paid as rent will be deducted if above piano be purchased, at above-mentioned value, within thirty months from above date, providing the terms and provisions of the above agreement have been kept."   This case has been tried three times.   The first time the jury did not agree.   Upon the second trial they rendered a verdict for the defendant.   An appeal was taken, and this appellate division reversed the judgment, granting a new trial (54 App. Div. 570, 66 N. Y. Supp. 1007), which was had on January 16, 1901, when the jury again returned a verdict for the defendant, and from the judgment entered thereon this appeal is taken.

The answer contains a general denial, and for a second defense alleges that "the piano in question was sold and delivered to the defendant, and a paper purporting to acknowledge the ownership of Jacob Brothers given simply and only as a security for the performance of the condition of sale."   The defendant also alleges that the contract was varied by parol agreement, that the time of payment was extended, and that he was induced to enter into the agreement by false and fraudulent representations of the plaintiff.   The defendant called Mrs. Haefelein, who testified that she had possession of the piano in question three or four weeks before the 16th day of April, that it was delivered to her, and that she never returned or willingly delivered it to anybody.   The defendant then introduced in evidence a paper or sales account from one of plaintiff's books, dated April 17, 1897, upon which Mrs. Haefelein was charged with the piano, and upon which the amounts testified to as having been paid by the defendant were credited.   No other evidence was given or offered on the part of the defendant.   The plaintiff then recalled Hess, the bookkeeper and manager for plaintiff, and asked him "to explain how it was that Mrs. Haefelein had the piano in her house prior to the making of the contract."   This question was objected to by the defendant as calling for a conclusion.   The objection was sustained, and plaintiff excepted.   Thereupon plaintiff asked the witness to state the conversation he had with Mrs. Haefelein at the time she claimed to have received the piano.   This question also was objected to.   The objection was sustained, and plaintiff excepted.

As was said upon the former appeal, it is impossible to avoid the

conclusion that the verdict awarding the right of possession to the defendant was against the evidence. However that may be, the court erred in excluding evidence to characterize the possession of Mrs. Haefelein. The general denial put in issue the plaintiff's title, as well as the wrongful detention of the property. Upon that issue the defendant had the right to show, as he attempted to do, title out of the plaintiff, without connecting himself with it. If the evidence of Mrs. Haefelein was sufficient for that purpose, the plaintiff was bound to establish his right to the possession as against her. The proposed testimony was intended for that purpose. The questions called for a fact,—for the transaction or agreement under which she received and retained the property during the time testified to by him. It was clearly competent, and for this, if for no other, reason, the judgment should be reversed, with costs. All concur.