C. ALBERT JACOB, Doing Business as JACOB BROTHERS, Appellant, *v.* GEORGE HAEFELEIN, Respondent.

*Action to recover possession of a chattel — right under a general denial to prove title out of the plaintiff — competency of proof to the contrary.*

In an action to recover possession of a piano, it appeared that on April 16, 1897, the parties entered into a contract by which the defendant purported to hire the piano from the plaintiff for twenty-nine months and agreed to pay the sum of $290 rent in monthly payments of $10 each and, in case of any default, to return the piano in as good condition as when received. The answer, among other defenses, contained a general denial.

Upon the trial the defendant called his wife, who testified that she had possession of the piano three or four weeks before April 16, 1897; that it was delivered to her and that she never returned or willingly delivered it to anybody. The defendant then introduced in evidence a sales account from one of the plaintiff's books, dated April 17, 1897, upon which his wife was charged with the piano and upon which the amounts testified to as having been paid by the defendant were credited. The plaintiff then recalled his bookkeeper and manager and asked him "to explain how it was that Mrs. Haefelein (the defendant's wife) had the piano in her house prior to the making of the contract."

*Held*, that the general denial put in issue the plaintiff's title as well as the wrongful detention of the property;

That, upon that issue, the defendant had a right to show title out of the plaintiff without connecting himself with it; [*]

That, if the testimony of the defendant's wife was sufficient for that purpose, the plaintiff was bound to establish his right to possession as against her, and that the proposed testimony was competent for that purpose.

APPEAL by the plaintiff, C. Albert Jacob, doing business as Jacob Brothers, from a judgment of the Municipal Court, city of New

---

[*] See *Voegel* v. *Banks* (*ante*, p. 459).

York, borough of Brooklyn, in favor of the defendant, rendered on the 16th day of January, 1901.

*Morris Putnam Stevens,* for the appellant.

*John J. Cunneen,* for the respondent.

SEWELL, J.:

This action was commenced on January 25, 1900, to recover possession of a piano. It appears that on April 16, 1897, the parties entered into a written contract wherein the defendant purported to hire the piano from the plaintiff for twenty-nine months and agreed to pay the sum of $290 rent, in monthly payments of $10 each, and in case of any default the defendant agreed to return the piano at the option of the plaintiff in as good condition as when received. The contract also provides that "all money paid as rent will be deducted if above piano is purchased, at above-mentioned value, within thirty months from above date, providing the terms and provisions of the above agreement have been kept."

This case has been tried three times. The first time the jury did not agree. Upon the second trial they rendered a verdict for the defendant. An appeal was taken, and this Appellate Division reversed the judgment, granting a new trial (54 App. Div. 570), which was had on January 16, 1901, when the jury again returned a verdict for the defendant, and from the judgment entered thereon this appeal is taken.

The answer contains a general denial, and for a second defense alleges that "the piano in question was sold and delivered to the defendant, and a paper purporting to acknowledge the ownership of Jacob Brothers given simply and only as a security for the performance of the condition of sale." The defendant also alleges that the contract was varied by parol agreement; that the time of payment was extended, and that he was induced to enter into the agreement by false and fraudulent representations of the plaintiff.

The defendant called Mrs. Haefelein, who testified that she had possession of the piano in question three or four weeks before the sixteenth day of April; that it was delivered to her and that she never returned or willingly delivered it to anybody. The defendant then introduced in evidence a paper or sales account from one of

plaintiff's books, dated April 17, 1897, upon which Mrs. Haefelein was charged with the piano, and upon which the amounts, testified to as having been paid by the defendant, were credited. No other evidence was given or offered on the part of the defendant.

The plaintiff then recalled Hess, the bookkeeper and manager for plaintiff, and asked him "to explain how it was that Mrs. Haefelein had the piano in her house prior to the making of the contract." This question was objected to by the defendant as calling for a conclusion; the objection was sustained and plaintiff excepted. Thereupon plaintiff asked the witness to state the conversation he had with Mrs. Haefelein at the time she claimed to have received the piano. This question also was objected to; the objection was sustained and plaintiff excepted.

As was said upon the former appeal, it is impossible to avoid the conclusion that the verdict awarding the right of possession to the defendant was against the evidence. However that may be, the court erred in excluding evidence to characterize the possession of Mrs. Haefelein.

The general denial put in issue the plaintiff's title, as well as the wrongful detention of the property. Upon that issue the defendant had the right to show, as he attempted to do, title out of the plaintiff without connecting himself with it. If the evidence of Mrs. Haefelein was sufficient for that purpose, the plaintiff was bound to establish his right to the possession as against her. The proposed testimony was intended for that purpose. The questions called for a fact; for the transaction or agreement under which she received and retained the property during the time testified to by him. It was clearly competent, and for this, if for no other reason, the judgment should be reversed, with costs.

All concurred.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.