### BLUMENTHAL v. LEWY et ux.

(Supreme Court, Appellate Division, Second Department. April 13, 1903.)

1. CONVERSION—RECEIPTS—EVIDENCE OF VALUE.

    Where, in an action for the conversion of a receipt for money deposited in the police department in payment for a concert license, the receipt recited that $150 had been deposited, which would be returned on application to the chief clerk if the license was not granted, and it was proved that the money would be refunded to any person who presented the receipt, the face of the receipt was prima facie evidence of its value.

2. SAME—DISMISSAL OF ACTION—REINSTATEMENT.

    In an action for conversion of a police receipt, against defendant and his wife, the action was dismissed as to the wife, at the close of plaintiff's testimony, for failure to show possession in or demand from her. Later in the trial, during the examination of defendant, it was disclosed that the receipt was in the possession of the wife, whereupon plaintiff was allowed to reinstate her as one of the defendants; and she, being called, testified that she had the receipt, and that she was keeping it

as security for a loan to plaintiff, whereupon judgment was entered against her. *Held* that, the action having once been dismissed as against the wife, the court had no jurisdiction to reinstate the same as to her, or render judgment against her.

**8. SAME—MUNICIPAL COURT—APPEAL—WEIGHT OF EVIDENCE—REVIEW.**

Under Code Civ. Proc. § 3063, as amended by Laws 1900, c. 553, authorizing the Appellate Division to review the judgment of a Municipal Court, and reverse it because against the weight of evidence, the Appellate Division has the same power to review the facts in a case tried in a Municipal Court as it has to review judgments rendered by the Supreme Court.

**4. SAME—EVIDENCE.**

Plaintiff, when he obtained a police receipt for money deposited for a concert license, falsely represented to the police department that he was the owner of the liquor tax certificate at the hotel at which the concerts were to be given, which was necessary to entitle him to the license. In an action against defendant and her husband for conversion of the receipt, plaintiff testified that he delivered the receipt to defendant, and had demanded its return from him. Plaintiff's testimony was uncorroborated, and both defendant and his wife testified that the receipt was never delivered to defendant, but that plaintiff handed it to defendant's wife, who had ever since had control thereof, and that plaintiff never made any demand on the husband for the receipt. *Held,* that a judgment against defendant was contrary to the weight of evidence.

Appeal from Municipal Court of City of New York.

Action by George A. Blumenthal against Max Lewy and wife. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before BARTLETT, WOODWARD, HIRSCHBERG, JENKS, and HOOKER, JJ.

Maurice Nagler, for appellants.

Theodore Prince, for respondent.

HOOKER, J. In July, 1902, the defendant Max Lewy was the proprietor of the Atlantic Park Hotel, within the limits of the city of New York, and conducted a bar in connection therewith. He desired to give a series of concerts at his hotel, and it became necessary to procure from the police department of the city a concert hall license, to enable him to do so. The plaintiff, who had been connected with the concert business, was employed by Max Lewy to arrange this added feature of his hotel and saloon business. The defendant's wife, Emma Lewy, who is also a defendant in the action, testified that she loaned the plaintiff the money with which to pay the fee for the license, and that the loan was in the form of a certified check. With that check he applied for a concert hall license, stating that he was the owner of the liquor tax certificate under which the trafficking in liquors was carried on in that hotel. A receipt for the money was given him, and the issuance of the license delayed pending action upon the application. The receipt was as follows:

"Police Department of the City of New York.

"July 15, 1902.

"Received from George A. Blumenthal one hundred and fifty dollars deposited on account of application No. 612 for concert license. $150.00.

"J. I. Bacon, Auditor.

"Money deposited will be returned, upon application to the chief clerk, if license is not granted."

There is some doubt, upon the facts as they appear in the case, whether this receipt is properly the subject of an action for conversion; but, so far as this appeal is concerned, the appellants have settled that question by urging upon the argument that:

"As a matter of unqualified fact, the mere presentation of the receipt given at the time of payment of the money will secure a return of the money paid. The money would in fact be refunded to any person who presented the receipt for it. * * * The holder, presenting the receipt, is the person entitled to receive the money."

In that view of the matter, the paper becomes stamped with such a negotiable character that an action will lie for its conversion. All the elements of such an action have been made out.

At the close of the plaintiff's case a motion was made to dismiss the complaint on the ground that the value of the converted property had not been shown. No evidence was offered by either party on the question of value, the plaintiff relying on the declaration of the instrument itself. It has repeatedly been held, and must be deemed the settled law in this state, that in an action of this kind the face of the instrument in suit is prima facie its value, and the measure of damage is such face value, with interest due at the time of the conversion, together with interest upon that aggregate from thence to the trial. The defendant may offer proof to show that the instrument has no face value whatever, or that its value is in fact less than the amount stated therein. Booth v. Powers, 56 N. Y. 22; Western Railroad Co. v. Bayne, 75 N. Y. 1. There is no such proof in this case.

Were these the only questions presented upon this appeal, an affirmance of the judgment would be required.

The record discloses that during the course of the plaintiff's case he made an unsuccessful effort, by the evidence of the witness Prince, to charge the defendant Emma Lewy with the possession of the receipt; and upon the close of his testimony the action, as far as it affected Emma Lewy, was dismissed. At the time of the dismissal of the action against Emma Lewy, sufficient evidence had not been introduced to show possession in or demand from her. Later in the trial, during the examination of the defendant Max Lewy, it was disclosed that the receipt was in the possession of his wife, Emma; and the plaintiff then requested to be allowed to reinstate Emma Lewy as one of the defendants, and to call her upon the question of her possession of the receipt. This request was allowed, and defendants excepted. She was then called, and testified that she had the receipt, that it was in her possession, and that she was keeping it until the return of the money loaned by her to the plaintiff, which the instrument represented. At the close of the trial the court entered judgment against Emma Lewy as well as against her codefendant. In this state of the record, the judgment must be reversed as to the defendant Emma Lewy. We think the court was without jurisdiction to render a judgment against her after having dismissed the action as to her, she objecting to a reinstatement. The Reports in this state seem to be barren of authority by which we may be guided in disposing of this question. Courts not of record can obtain jurisdic-

tion of parties in either of two ways: By their personal appearance, or by service of summons upon them. After the action was once dismissed against Mrs. Lewy, the Municipal Court had no power to get her into the case again, except by one or the other of these two methods. It may be urged that inasmuch as Mrs. Lewy was present during the trial after the action was dismissed as to her, both personally and by the attorney who represented both the defendants, and inasmuch as the ruling was an incident to the trial, the court had power to change its ruling in dismissing the case as to her. This may be urged upon the same ground that it is said a magistrate of a court not of record may, upon a motion for nonsuit, after all plaintiff's evidence is in, and after making a formal order by word of mouth that the complaint is dismissed, on further consideration, before any entry has been made in his docket, revise his ruling and continue the action. We do not here undertake to say what the power of a court not of record is, in revising such a decision; but we are of the opinion, on the ground of expediency, that where the complaint has been dismissed in the course of trial as against one or more defendants, and the case proceeds and further evidence is introduced, the court is powerless to reconsider its order of dismissal and reinstate a successful defendant. A party is entitled at all stages of the trial to know what is his exact status therein, and any rule which would permit the court to eliminate and reinstate a party according to its caprice or varying notions of the case would not give the litigant the notice of his standing to which he should be entitled. These considerations lead to a reversal of the judgment as against Emma Lewy.

We are asked by the other defendant to review the evidence, and reverse the judgment on the ground that it is against the weight of evidence. Prior to the amendment of section 3063 of the Code of Civil Procedure (Laws 1900, c. 553), this court was without power to review the facts and reverse a judgment of the Municipal Court as against the weight of evidence. Northridge v. Astarita, 47 App. Div. 486, 62 N. Y. Supp. 441. Since that amendment, however, this court has the same power to review the facts in a case tried in Municipal Court as to review judgments rendered by the Supreme Court. Code Civ. Proc. § 3063; Jacob v. Haefelien, 54 App. Div. 570, 66 N. Y. Supp. 1007.

Plaintiff swore that when he obtained the receipt from the police department he delivered it to the defendant Max Lewy, that it might be kept on the premises for the inspection of such officers of the law as might properly request it; the intention being to give the concerts, according to the custom of the police department allowing it, pending the issuance of the license upon the application. He also testified that on two occasions he demanded the return of the receipt from the defendant Max Lewy, and that he has failed to return it to him. Both the defendants swore positively that the receipt was never delivered to Max Lewy, and that it was handed by the plaintiff to Emma Lewy. Max Lewy asserts that it has never been in his possession, and he has never had control of it. Emma Lewy swears that she has always kept it herself, and that her husband had nothing whatever to do with it. Max Lewy also testifies positively and un-

equivocally that plaintiff. never made a demand upon him for the
receipt at any time. The evidence of the plaintiff that he delivered
the receipt to Max Lewy is uncorroborated, and the statement that
it has come into Max Lewy's possession is met by the united denial
of both the defendants. Had the plaintiff not been discredited during
the course of the examination, we should not be disposed to inter-
fere with the finding of fact as against Max Lewy in the trial court,
but the question of his veracity has been assailed, and we think not
without some force. It is uncontradicted in the evidence that it is
unlawful that such a license be issued to any other person than the
owner of the liquor tax certificate at the place where it is proposed
to give the concert, and it is admitted that the plaintiff owned no such
certificate. In spite of this, however, the plaintiff, when he applied
for the license, represented to the police department that he was
the owner of the liquor tax certificate at the Atlantic Park Hotel,
and signed a statement there to that effect. Upon this showing, we
have reached the conclusion that the judgment against the defendant
Max Lewy should be reversed, and a new trial ordered as to him,
upon the ground that it is against the weight of evidence. But we
have done so only after careful consideration of this question, which
is not wholly without doubt. We are aided in coming to the conclu-
sion that this judgment should be reversed by reason of a recent
expression of the Court of Appeals in relation to the practice of the
Appellate Division in reviewing the facts. In Collier v. Collins, 172
N. Y. 99, 64 N. E. 787, Judge Vann, speaking for the court, says
that the Appellate Divisions have in this respect a wide latitude, which
the court would be glad to have them exercise more freely. This
expression of the Court of Appeals is entitled to weight and consid-
eration by the Appellate Division, and is authority for a wider exer-
cise of its discretion.

The judgment against Emma Lewy should be reversed, with costs,
and that against Max Lewy reversed and a new trial ordered; costs
to abide the event. All concur.