RUCH, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. December 24, 1903.) Action by Marie E. Ruch against the Metropolitan Street Railway Company. C. F. Brown, for appellant. C. L. Guy, for respondent. No opinion. Judgment and order affirmed, with costs.

---

RUSH v. PECK. (Supreme Court, Appellate Division, First Department. December 18, 1903.) Action by Frank J. Rush against Edward S. Peck. No opinion. Motion granted, with $10 costs.

---

RUSSELL, Appellant, v. INMAN et al., Respondents. (Supreme Court, Appellate Division, Third Department. January 16, 1904.) Action by Willis W. Russell against Horace Inman and another.

PER CURIAM. Judgment and order affirmed, with costs.

HOUGHTON, J., dissents.

---

SANDER, Respondent, v. STATE, Appellant. (Supreme Court, Appellate Division, Third Department. January 16, 1904.) Action by Frederick W. Sander against the state of New York.

PER CURIAM. Judgment affirmed, with costs.

HOUGHTON, J., dissents.

---

SAWARD v. CAMPION. (Supreme Court, Appellate Division, First Department. January 15, 1904.) Action by Elizabeth J. Saward against Jeremiah J. Campion. No opinion. Motion granted, with $10 costs.

---

SAXTON, Appellant, v. SEBRING et al.. Respondents. (Supreme Court, Appellate Division, Fourth Department. December 8, 1903.) Action by Frank J. Saxton, as trustee, etc., against James O. Sebring and others. No opinion. Appellant's preliminary objections overruled. Motion to dismiss appeal granted, without costs, unless within 20 days appellant prepares, files, and serves printed case and exceptions, in which event motion is denied. In case of failure to so file and serve case and exceptions within such time, motion is granted, with $10 costs.

---

SCHAPP, Respondent, v. BLOOMER et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. January 19, 1904.) Action by Peter F. Schapp against Sherman Bloomer and another.

PER CURIAM. Judgment and order affirmed, with costs.

WILLIAMS, J., dissents upon the ground of error committed by plaintiff's counsel in his statements to the jury respecting insurance against loss, and also upon the ground that the plaintiff assumed the risk.

SCHMAND, Respondent, v. LANGDON, Appellant. (Supreme Court, Appellate Division, Second Department. December 30, 1903.) Action by Martin Schmand against Peter Langdon. From a judgment for plaintiff, defendant appeals. Affirmed. William Willett, Jr., for appellant. John W. Magee, for respondent.

WILLARD BARTLETT, J. On this appeal we are asked to reverse the judgment of the Municipal Court solely on the ground that it is against the weight of evidence. Formerly a judgment of the Municipal Court could not be assailed on this ground alone. Northridge v. Astarita, 47 App. Div. 486, 62 N. Y. Supp. 441. Since the Legislature, however, has changed the practice in this respect, a large proportion of the appeals from the Municipal Court to this Appellate Division present questions of fact only. The proper consideration of such appeals requires a careful reading of all the testimony by each of the five members of the court; and this necessarily involves more delay in reaching a determination than would occur if the Legislature, in the same section of the statute by which it empowered us to review the facts, had not restricted the appeal papers to a single copy. Municipal Court Act, Laws 1902, p. 1583, c. 580, § 326. If a copy of the testimony were furnished to each Justice of the Appellate Division, all the members of the court could work upon the case at the same time; but, as it is, the record has to be passed from one judge to another, until all five have read it. I call attention to these matters in order that the bar may understand why Municipal Court appeals, involving questions of fact only, cannot be determined as rapidly as would otherwise be practicable. Where a review of the facts shows no error in the conclusion reached by the trial court, and it follows that the judgment must be affirmed, there is usually no occasion for the delivery of a written opinion by the appellate tribunal. Under such circumstances the litigants alone are interested in the result, whereas, where questions of law are raised, their determination may be of importance to other suitors and their counsel. In the present case the plaintiff sought to recover $130 for services rendered by him as a mason in doing work upon the property of the defendant. I have carefully read all the testimony, and am of opinion that the plaintiff fairly established the substantial performance of his contract. There was a counterclaim, consisting of various items, aggregating more than the amount of the plaintiff's demand. The proof established one of these items, the claim for sand, worth $12.50, sold by the defendant to the plaintiff. It is apparent, however, that this item must have been allowed by the Municipal Court judge, for the amount of the plaintiff's recovery was only $111.50, although the evidence supported his claim for $130, as set forth in the complaint. The determination under review is in accordance with the evidence, and I advise an affirmance of the judgment. Judgment of the Municipal Court affirmed, with costs. All concur.